IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL POSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:15-cv-787-WKW |
| ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Before the court are several motions, including: a) former Defendant The Hartford Comprehensive Employee Benefit Services Company ("The Hartford")'s Motion to Dismiss (Doc. 17); Defendant Hyundai Motor Manufacturing Alabama ("Hyundai")'s Motion for Partial Judgment on the Pleadings (Doc. 20); Hyundai's Motion to Strike Plaintiff's Class Allegations (Doc. 21); and Plaintiff's Motion for Leave to File Amended Complaint Narrowing the Scope of the Action (Doc. 33). All motions are fully briefed and are ripe for resolution.

Plaintiff initiated this action with the filing of a Class Action Complaint (Doc. 1) on October 27, 2015. In the complaint, Plaintiff alleged individual causes of action under the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and state law, and also alleged claims on behalf of a class "defined as employees and former employees of Hyundai in Alabama who sought, and were denied, intermittent or

block leave for a purported chronic serious health condition or a chronic disabling health condition" and were "subjected to one or more aspects of . . . systemic FMLA interference and disability discrimination described in the complaint." Compl. ¶¶ 63-64. On November 9, 2015, the District Judge referred this matter to the undersigned Magistrate Judge "for consideration or recommendation on all pretrial matters as may be appropriate." Order (Doc. 7).

On January 8, 2016, The Hartford filed its Motion to Dismiss (Doc. 17) pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Also on January 8, 2016, Hyundai filed its Answer (Doc. 19), Motion for Partial Judgment on the Pleadings, in which it sought entry of judgment against Plaintiff on Plaintiff's ADA failure-to-accommodate claims on the theory that such claims are untimely, and Preliminary Motion to Strike Plaintiff's Class Allegations. On February 12, 2016, Plaintiff filed his Notice of Voluntary Dismissal of Claims Against Hartford (Doc. 31), Opposition to Hyundai's Motion for Partial Judgment on the Pleadings (Doc. 32), and Motion for Leave to File Amended Complaint Narrowing the Scope of this Action (Doc. 33), in which Plaintiff seeks the court's leave to file an amended complaint which would omit all of his class claims and his individual claims under the FMLA and state law, thus leaving only his individual ADA claims. On February 16, 2016, Hyundai filed its Response (Doc. 34) to Plaintiff's motion to amend the complaint, and, finally, on February 26, 2016, Hyundai filed its Reply (Doc. 35) to Plaintiff's Response to its Motion for Partial Judgment on the Pleadings, in which Hyundai seeks to expand its request for judgment on the pleadings to

include a challenge to Plaintiff's ADA discriminatory discharge claim as well as his ADA failure-to-accommodate claim.

As is apparent from all of the above, assuming Plaintiff's motion for leave to amend is granted, going forward this action will be considerably more narrow than what was brought before the court in the first iteration of Plaintiff's complaint. One Defendant, The Hartford, has been voluntarily dismissed from this suit pursuant to Rule 41(a)(1)(A)(i),[1] and, upon the filing of Plaintiff's amended complaint, there will no longer be pending against the remaining defendant any class claims or individual claims under the FMLA and state law. Moreover, it is apparent that Plaintiff's motion for leave to amend should be granted. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely given by the court when justice so requires. Hyundai voices no objection to Plaintiff's motion for leave to amend other than to assert that, because Plaintiff's omission of several claims against Hyundai in the amended complaint has the practical effect of a voluntary dismissal of those claims, the court should enter a judgment of dismissal as to those claims. Def.'s Resp. (Doc. 34) at 2. Accordingly, considering that the parties have not invested substantial resources at this point, that judicial economy will be promoted, and that Hyundai does not substantively object to the request, the undersigned finds that leave to amend the complaint should be granted.

---

[1]  In a case with multiple defendants, a plaintiff may dismiss his action—meaning all of his claims respecting one defendant—pursuant to Rule 41(a)(1)(A)(i) while continuing to press his claims against remaining defendants. *See Plains Growers, Inc., Fl. M.I. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254-55 (5th Cir. 1973).

With that being said, the undersigned turns to how the remaining motions before the court should be adjudicated given the present posture of this case. Because Plaintiff has voluntarily dismissed his action against The Hartford, that Defendant's Motion to Dismiss is due to be denied as moot. As to Plaintiff's motion for leave to amend, although the parties appear to agree the motion should be granted, the court must address Hyundai's contention about the effect of Plaintiff's requested amendment on his abandoned claims. Plaintiff's motion, despite requesting leave to amend pursuant to Rule 15, is silent about the fate of those claims omitted from his amended complaint. Defendant finds this circumstance "puzzling" because Plaintiff's amendment of his complaint to drop certain claims has the practical effect of a dismissal of those claims. Def.'s Resp. (Doc. 34) at 2. Hence, Hyundai "requests that the claims against [Hyundai] outlined in [Plaintiff's motion for leave to amend and omitted from the proposed amended complaint] be dismissed." *Id.* at 2-3. Plaintiff's omitted claims do not simply vanish into the ether; there must be, and is, a practical resolution of those claims. Thus, generally, "a claim dropped through a Rule 15 amendment . . . is dismissed without prejudice." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004) (citing *State Treasurer v. Barry*, 168 F.3d 8, 19 (11th Cir. 1999)). Accordingly, Plaintiff's motion for leave to amend is due to be granted and those claims omitted from Plaintiff's amended complaint are due to be dismissed without prejudice.[2]

---

[2] Hyundai makes no concerted argument that it is entitled to dismissal with prejudice of Plaintiff's omitted claims. Ordinarily, in the analogous context of a voluntary dismissal of an "action" pursuant to Rule 41(a)(2), the dismissal is without prejudice unless the defendant demonstrates that she will suffer prejudice, "other than the mere prospect of a subsequent


Because Plaintiff's request for leave to amend is due to be granted, and because Plaintiff's proposed amended complaint omits all of his class allegations, Hyundai's Preliminary Motion to Strike Plaintiff's Class Allegations is due to be denied as moot. Finally, turning to Hyundai's Motion for Partial Judgment on the Pleadings and its requested expansion of said motion, the undersigned finds that the motion should be denied as moot at this time. Hyundai's Motion for Partial Judgment on the pleadings concerns a complaint which, upon the filing of Plaintiff's amended complaint, will be rendered a nullity. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("As a matter of law, the second amended complaint filed by Mr. Hoefling superseded the former pleadings; the original pleadings were abandoned by the amendment, and were no longer part of Mr. Hoefling's averments against his adversaries. So when Mr. Hoefling filed the second amended complaint, the first amended complaint (and its attached exhibits) became a legal nullity.") (citation and internal quotations omitted). Accordingly, because the motion seeks judgment as to a "pleading that will have been superseded," *Brown v. Credit Mgmt., LP*, 1:14-cv-2274-TWT, 2015 WL 224758, at *2 (N.D. Ga. Jan. 15, 2015), the court should deny the motion as moot with leave for Hyundai to renew its motion, or file any other appropriate pleading, upon the filing of Plaintiff's amended complaint. *Id.*

For all of the reasons given above, it is

---

lawsuit, as a result." *Pontenberg v. Boston Sci.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quotation omitted). The undersigned perceives no reason why dismissal of Plaintiff's omitted claims via a Rule 15 amendment would warrant a different result, particularly where, at this point in the litigation, Defendant has only filed an answer to Plaintiff's omitted claims. Defendant's requested dismissal of Plaintiff's omitted claims should be without prejudice.

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint Narrowing the Scope of this Action (Doc. 33) is GRANTED, and that Plaintiff shall file his Amended Complaint on or before March 18, 2016. Further, the undersigned Magistrate Judge RECOMMENDS as follows:

a. that, because Plaintiff has voluntarily dismissed all of his claims against The Hartford pursuant to Rule 41(a)(1)(A)(i), The Hartford's Motion to Dismiss (Doc. 17) be DENIED as moot;

b. that, upon the filing of Plaintiff's Amended Complaint, Hyundai's Preliminary Motion to Strike Plaintiff's Class Allegations (Doc. 21) and Motion for Partial Judgment on the Pleadings (Doc. 20) be DENIED as moot;

c. that those claims against Defendant Hyundai omitted from the amended complaint, including Plaintiff's class claims under the FMLA, ADA, and state law, and Plaintiff's individual claims under the FMLA and state law, be DISMISSED without prejudice; and

d. that this matter be referred back to the undersigned Magistrate Judge for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 25, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance

with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 11th day of March, 2016.

                                        /s/ Wallace Capel, Jr.
                                        UNITED STATES MAGISTRATE JUDGE